UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
**NURI NABI, et al.,**         :
                              :   Civil Action No. 19-12872 (ES)(MAH)
                  Plaintiffs,  :
                              :
        v.                    :
                              :   OPINION
**DESTINY L. CHILDS, et. al.,**:
                              :
                  Defendants.  :
_____:

## I.     INTRODUCTION

This matter comes before the Court by way of Plaintiffs Nuri Nabi and Gulsana Yesman ("Plaintiffs") motion for leave to serve Defendants Destiny L. Childs and Alexis Carla Childs ("Defendants") by alternative means pursuant to Federal Rule of Civil Procedure 4(e). Pls.' Mot. for Substitute Service, D.E. 8. Specifically, Plaintiffs request leave to effect service on Defendants through their automobile insurance carrier, Geico. Also before the Court is Plaintiffs' request for an extension of time to serve Defendants. Pls.' Letter, Oct. 22, 2019, D.E. 9. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court decided the motion and letter request without oral argument. For the reasons set forth below, Plaintiff's motion is granted. Plaintiff's request for an extension of time to effect service is also granted.

## II.    BACKGROUND

On May 23, 2019, Plaintiff Nabi filed a Complaint against Defendants stemming from an automobile accident in which Plaintiff Nabi and Defendant Destiny Childs were involved on July 3, 2017 on the Express Road Exit for Rule 1/9 and Route 78 near the Newark Airport. Compl., May 23, 2019, D.E. 1, ¶¶ 8-14. As a result of the accident, Plaintiff claims to be suffering severe

1

and permanent injuries. *Id.* at ¶ 24. Defendant Alexis Childs was the owner of the motor vehicle that Defendant Destiny Childs was operating at the time of the accident. *Id.* at ¶ 26. Plaintiff brought a negligence claim against Destiny Childs and a negligent entrustment claim against Alexis Childs. *Id.* at Count I and II. On June 19, 2019, Plaintiff amended her Complaint to include a loss of consortium claim for her spouse, Gulsana Yesmen. Amd. Compl. June 19, 2019, D.E. 3.

On September 3, 2019, Plaintiffs applied for an extension of time to serve Defendants with the Summons and Complaint because they were having trouble ascertaining Defendants' whereabouts. Rutala Cert., ¶ 24; D.E. 6. On September 11, 2019, the Court granted Plaintiffs' request, extending Plaintiffs' deadline to serve Defendants to October 31, 2019. Rutala Cert., ¶ 25; D.E. 7. Plaintiffs filed the instant motion for substitute service on October 8, 2019. D.E. 8. On October 22, 2019, Plaintiffs filed a letter seeking an additional extension of time to serve Defendants. D.E. 9.

### III. DISCUSSION

#### A. Substitute Service

Federal Rule of Civil Procedure 4(e) provides that:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Pursuant to New Jersey law, personal service is the primary and preferred method to serve an individual defendant located within the state. N.J. Ct. R. 4:4-4(a). However, when personal service cannot be effectuated in accordance with N.J. Ct. R. 4:4-4(a), New Jersey law allows for substitute modes of service so long as the proposed form of service is "provided by court order, consistent with due process of law." *See* N.J. Ct. R. 4:4-4(b)(3).

Before seeking a court order pursuant to Rule 4:4-4(b)(3), an "affidavit of diligent inquiry is required to disclose the efforts made to ascertain the defendant's whereabouts." *Modan v. Modan*, 327 N.J. Super. 44, 47 (App. Div. 2000). "There is no objective formulaic standard for determining what is, or is not, due diligence. Instead ... due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Id.* at 48 (internal citation and quotations omitted). "In short, a plaintiff must demonstrate a good faith, energetic effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service." *J.C. v. M.C.*, 438 N.J. Super. 325, 331 (Ch. Div. 2013). Due diligence does not require a plaintiff to "take every conceivable action" to find a defendant's whereabouts. *Guardian Life Ins. Co. of Am. v. Crystal Clear Indus.*, Civ. No. 11-3062, 2012 WL 1884003, *5 (D.N.J. 2012) (citations omitted). Once a plaintiff has exhibited that it exercised reasonable due diligence, "a court may order an alternative means of service that is consistent with due process." *Guardian Life Ins. Co. of Am. v. Estate of Matesic*, Civ. No. 16-643, 2016 WL 3763340, *2 (D.N.J. 2016).

In this case, Plaintiffs have submitted a certification of diligent inquiry which demonstrates that a "good faith, energetic effort to search and find a defendant which address is unknown" was undertaken. *J.C.*, 438 N.J. Super. at 331. Following the filing of the Amended Complaint in this action, on July 2, 2019, Plaintiffs served waiver of service forms on

3

Defendants at the address listed on the accident report. Cert. of Joseph D. Rutala, Esq. ("Rutala Cert."), Oct. 8, 2019, D.E. 8, ¶ 6; Exhibit 1, Waiver of Service Forms. The waiver form sent to Destiny Childs was returned "return to sender." Rutala Cert., ¶ 7; Exhibit 2, UPS Tracking Receipt. The waiver form sent to Alexis Childs was left on her doorstep but more than sixty days after left there, Plaintiffs have received no response. Rutala Cert., ¶¶ 8, 9; Exhibit 3, UPS Tracking Receipt. Thereafter Plaintiffs had an amended summons issued and they hired a process server to serve Defendants. Rutala Cert., ¶ 10; Exhibit 4, North American Process, LLC, payment. The process server notified Plaintiffs that Defendants no longer lived at the address listed on the accident report. Rutala Cert., ¶ 11. Plaintiffs then contacted Defendants' insurance company, Geico, to determine if it had a valid address for its insured. Rutala Cert., ¶ 13. The insurance adjuster assigned to the matter, Jessica Shields, explained that she could not release Defendants' information. Rutala Cert., ¶ 14. Plaintiffs then sought to obtain Defendants' new address by requesting a forwarding address from the United States Postal Service. Rutala Cert., ¶ 15. However, the Postal Service informed Plaintiffs that they did not have a forwarding address on record. Rutala Cert., ¶ 16; Exhibit 6, Response of USPS. Plaintiffs then sought to obtain an address for Defendants from the New York Department of Motor Vehicles, but they would not release that information to anyone other than the license holder. Rutala Cert., ¶ 17; Exhibit 7, NYDMV Request Form. Plaintiffs next attempted to determine whether Defendants were members of the United States Military by searching the United States Servicemembers Civil Relief Act website. Rutala Cert., ¶ 18. However, they could only receive a certification regarding Destiny Childs because they did not have a birthdate or social security number for Alexis Childs. Rutala Cert., ¶ 19; Exhibit 8, SCRA Certification.

Plaintiffs then ran internet background checks on Peoplefinder.com. Rutala Cert., ¶ 22; Exhibit 9, Peoplefinder.com report Destiny Childs; Exhibit 10, Peoplefinder.com report Alexis Childs. These reports showed an address in Brooklyn, NY for Destiny Childs and an address in Newark, NJ for Alexis Childs. Rutala Cert., ¶ 23. Plaintiffs attempted to serve Defendants at both addresses but both attempts were returned to Plaintiffs as undeliverable. Rutala Cert., ¶ 26; Exhibit 11, Return of Service NY Process Service; Exhibit 13, Return of Service NJ Legal; Express. The New York process server attempted personal service on Destiny Childs twice at the Brooklyn, NY address in September 2019 but neither attempt was successful and no one at the address knew a Destiny Childs. Rutala Cert., ¶ 26; Exhibit 11, Return of Service NY Process Service. The New Jersey process service attempted personal service on Alexis Childs at the Newark address in September 2019 on four separate occasions, but none were successful and no one at the address knew anyone by the name of Alexis Childs. Rutala Cert., ¶ 26; Exhibit 13, Return of Service NJ Legal Express.

On August 8, 2019, Plaintiffs again contacted Defendants' insurance adjuster, Jessica Shields, regarding the difficulty in locating and serving Defendant. Rutala Cert., ¶ 20. Ms. Shields indicated that Geico would be willing to accept service on behalf of its insureds if this Court entered an order permitting substitute service. Rutala Cert., ¶ 21.

Based on Plaintiffs' varied and numerous attempts to locate Defendants and personally serve them, the Court is satisfied that Plaintiffs have exercised "reasonable diligence."

Although Plaintiffs have demonstrated to the Court that they were diligent in attempting to identify Defendants' current whereabouts, the Court's inquiry does not end there. As stated by N.J. Ct. R. 4:4-4(b)(3), any form of substitute service must be "consistent with due process of law." *See also Marlabs Inc. v. Jakher*, Civ. No. 07-4074, 2010 WL 1644041, *3 (D.N.J. 2010)

(explaining that a proposed means of alternative service must comport with constitutional notions of due process). The United States Supreme Court has explained that the proposed method of service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "[C]ourts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Properties, Inc. v. Rio Intern. Interlink,* 284 F.3d 1007, 1016 (9th Cir. 2002). However, what qualifies as sufficient service depends on each case's particular facts and circumstances. *See Prediction Co. LLC v. Rajgarhia*, 2010 WL 1050307, at *1. (S.D.N.Y 2010).

Plaintiffs' submissions in support of the motion for substitute service establish that the proposed means of service, *i.e.*, serving Defendants' automobile insurer, Geico, would comport with constitutional notions of due process. Plaintiffs indicate that they have spoken with Geico's claims adjuster for the accident which is the subject of the instant litigation, and that Ms. Shields has indicated that Geico would be willing to accept service if this Court orders it. The Court finds that because Geico has a contractual relationship with Defendants that likely requires them to defend Defendant against this action. *Hartford Ins. Group v. Marson Construction Corp.*, 186 N.J. Super. 253, 257 (App. Div.1982), *cert. denied*, 93 N.J. 247 (1983) (An insurance company must defend a "cause of action which may potentially come within the coverage of the policy, irrespective of whether it ultimately does come within the coverage and hence irrespective of whether the insurer is ultimately obligated to pay."). As such, Geico will need to communicate with Defendants regarding the Complaint filed against them. Accordingly, the Court is certain

that Defendants will be placed on notice of this action and will afford them the opportunity to present a defense. *See Mullane*, 339 U.S. at 314. Accordingly, the Court finds that the proposed method of substitute service comports with traditional constitutional notice of due process.

### B. Extension of Time to Serve

Federal Rule of Civil Procedure 4(m) governs extensions of time to effect service. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If a plaintiff fails to effect proper service within the ninety-day period but "shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Thus, pursuant to Rule 4(m), a district court must first assess whether good cause exists for an extension of time. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). "If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Id.*

In assessing whether a plaintiff has demonstrated good cause warranting a mandatory extension of time to serve, the United States Court of Appeals for the Third Circuit has advised that a Court should consider the "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (citing *United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988)). The Court's analysis should mainly focus on whether a plaintiff has demonstrated "good faith" in requesting the extension and whether there is "some reasonable basis for noncompliance within the time

specified in the rule." *Id.* (citing *Petrucelli*, 46 F.3d at 1312). The Third Circuit has also instructed that while prejudice to defendant "may tip the 'good cause' scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.*

On October 22, 2019, Plaintiffs also requested a second extension of time to serve Defendants, the deadline currently being October 31, 2019. Pursuant to the December 1, 2015 amendment to Federal Rule of Civil Procedure 4(m), a party must serve the defendant within 90 days after the complaint is filed or "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The United States Court of Appeals for the Third Circuit has stated that "determination of whether to extend time involves a two-step inquiry. The district court first determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted. If good cause does not exist, the district court must consider whether to grant a discretionary extension of time....In determining whether good cause exists, a court's primary focus is on the plaintiff's reasons for not complying with the time limit in the first place[.]" *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (citations omitted). The good cause prong requires that "a plaintiff demonstrate good faith and some reasonable basis for noncompliance with the time specified in the rules." *House v. H.U.D.*, Civ. No. 05-3811, 2006 WL 3779762 *7 (D.N.J. Dec. 20, 2006) (citing *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)). Thus, when determining whether or not good cause exists, the Court should assess, among other things, "the reasonableness of plaintiff's efforts to

serve," and "whether the plaintiff moved for an enlargement of time to serve." *Pilone v. Basik Funding, Inc.*, Civ. No. 05-3798, 2007 WL 203958 * 2 (D.N.J. Jan. 24, 2007).

In this case, good cause exists to grant Plaintiffs' requested relief. The Court has already found that Plaintiffs demonstrated due diligence in its attempts to serve Defendants, and has been unable to serve Defendants, not through any fault or lack of effort on Plaintiffs' part. The Court has also found that Plaintiffs have acted reasonably considering the circumstances. Accordingly, Plaintiffs shall serve Defendants by November 30, 2019.

### IV. CONCLUSION

For the reasons set forth herein, the Court will grant Plaintiffs' motion for substitute service, D.E. 8, and Plaintiffs' request for an extension of time to serve Defendants, D.E.9. Plaintiffs shall effect substitute service on Defendants' automobile insurance carrier, Geico, by November 30, 2019. An appropriate Order follows this Opinion.

*s/ Michael A. Hammer*
**United States Magistrate Judge**

Dated: November 7, 2019